TOWNSHIP OF DOVER IN THE COUNTY OF OCEAN, PLAINTIFF-RESPONDENT, v. MAURICE KASSENOFF AND MARILYN KASSENOFF, HIS WIFE, DEFEND-ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 24, 1955—Decided November 3, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Roy G. Simmons* argued the cause for the respondent (*Messrs. Camp and Simmons*, attorneys).

Mr. *Robert J. Novins* argued the cause for the appellants (*Messrs. Novins and Novins*, attorneys).

The opinion of the court was delivered by

FRANCIS, J. A. D. On motion for summary judgment the Law Division sustained the authority of the township to condemn the lands in question for use as a place of disposal of garbage, rubbish and waste materials as part of the municipal plan for collection and disposition thereof. The property owners now seek a review of that determination.

The facts involved are not in dispute. The Kassenoffs are owners of a 60-acre tract of land in Dover Township. The governing body decided to acquire it for "land fill disposition of garbage, rubbish and waste materials." Acquisition by purchase not being feasible, this condemnation proceeding was instituted.

The complaint alleged *R. S.* 40:63–43 as the statutory authority for the action. However, that section is plainly inapplicable and was disregarded by the trial court who decided the merits of the controversy on the basis of the statutes which are in fact controlling. *Cf. R. R.* 4:55–4.

The property owners contend that the right of a municipality to condemn land for the purpose asserted here is limited and controlled by the statutory scheme represented by *R. S.* 40:66–3, and as so limited permits only the acquisition by condemnation of unimproved lowlands.

*R. S.* 40:66–3 provides:

"Every municipality may acquire, by purchase, lease or condemnation, *unimproved lowlands*, within or without the municipality, to be used for the *deposit of ashes or other indestructible waste and refuse matter* of the municipality, but no such lands shall be acquired or used for such purpose outside the limits of the municipality, without the consent of the governing body and of the board of health of the municipality wherein such lands are situated." [Emphasis ours]

Plainly that enactment authorizes the condemnation only of unimproved lowlands and only for the deposit of ashes or other indestructible waste and refuse matter. It is

conceded that the appellants' property is not unimproved lowland. Moreover, the intended use is not limited to the deposit of indestructible refuse matter; the purpose is general dumping of garbage, rubbish and waste materials. Consequently the taking of the acreage cannot be sanctioned unless another font of power is in existence.

 It must be recognized, of course, that municipalities are of statutory origin and that their field of operation is circumscribed by the authority granted to them by the Legislature. The judicial appraisal of such authority is required by *Art.* IV, § VII, *par.* 11, of the *Constitution of* 1947 to be liberal, and express grants of power are deemed to include "those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto." *Fred v. Mayor and Council, Old Tappan Borough,* 10 *N. J.* 515 (1952); *Marangi Bros., Inc., v. Board of Com'rs of Village of Ridgewood,* 33 *N. J. Super.* 294 (*App. Div.* 1954); *Kirsch Holding Co. v. Borough of Manasquan,* 24 *N. J. Super.* 91 (*App. Div.* 1952); *R. S.* 40:42–4.

Our search, then, is for express or implied statutory sanction for the type condemnation sought to be accomplished by the present proceeding. In this connection we note immediately a pertinent provision of the Home Rule Act of 1917 (*L.* 1917, *c.* 152), *R. S.* 40:60–2:

"Every municipality may acquire by * * * condemnation any real estate * * * either within or without the municipality, * * *, *which its governing body shall decide to be necessary or useful for the proper exercise of any power conferred upon the municipality by this or any other law;* * * *." [Emphasis ours]

Does such general eminent domain authority implement any legislatively granted power relating to the control and handling of garbage and refuse matter? *R. S.* 40:66–1, which springs from Art. XXIII, §§ 1, 3, 5 of the Home Rule Act, says:

"The governing body may provide for the cleaning of the streets of the municipality, and for the collection, removal and disposal of ashes, garbage, refuse and waste matter, and may establish and operate a system therefor; * * *."

On its face this enactment, considered in association with *R. S.* 40:60–2, would appear to supply the capacity to acquire land by condemnation for garbage disposal purposes.

However, appellants contend that *R. S.* 40:66–1, 2 and 3 should be treated as establishing an integrated statutory scheme for handling garbage or refuse disposal problems and as marking the boundaries of municipal power in that field. They point out that *R. S.* 40:66–1 contains general language on the subject without reference to condemnation, while *R. S.* 40:66–2 authorizes the erection of necessary buildings for the "cremation, destruction and other disposal of garbage, refuse and waste matter" and the acquisition of the real estate necessary for that purpose, and *R. S.* 40:66–3 confers power to acquire by condemnation "unimproved low-lands" to be used as a place of deposit of ashes or other indestructible waste and refuse matter. And they refer also to *N. J. S.* 40:66A which provides for the establishment of incinerator authorities by municipalities and the use of condemnation power to obtain land for incinerators. (*Section* 6) So they urge that the Legislature intended to bestow the right of condemnation in connection with the garbage and refuse problem only to the extent of the express grant in these statutes.

Such a constricted view of the municipal power is not sustainable. It will be noted that *R. S.* 40:66–1 permits the operation of a system for the collection, removal and disposal of "ashes, garbage, refuse and waste matter." Certainly a functional unit consisting of a means of collection by municipally-owned and operated equipment and a means of disposition by dumping on municipally-owned land would constitute a system. Yet if appellants' position were sound, the dumping ground could not be acquired by condemnation. It is inconceivable that the Legislature would sanction the use of eminent domain to provide a depositary for *"ashes or other indestructible waste and refuse matter"* and leave the municipality impotent to deal in like manner with destructible garbage, refuse and other waste matter. A more probable conclusion to be drawn from *R. S.* 40:66–3 is

that the legislators wished to make clear that the local governing body had their *imprimatur* also to procure land by condemnation for the individual or separate handling of a part of the overall "ashes, garbage, refuse and waste matter" problem, that is, the deposit of the indestructible waste material.

Our courts hove recognized that control over garbage and refuse matter is "indispensable to public health, safety and comfort" (*Earruso v. Board of Health, East Hanover Township*, 120 N. J. L. 463, 469 (*Sup. Ct.* 1938)), and that "ample power to deal with the problem has been granted to Municipal Boards of Health and Governing Bodies." *Township of Dover v. Witt*, 7 N. J. Super. 259 (*App. Div.* 1950), citing *inter alia*, R. S. 40:66–1; *Marangi Bros., Inc., v. Board of Com'rs of Village of Ridgewood*, 33 N. J. Super. 294 (*App. Div.* 1954). Nor should it be overlooked that in section 2 of the Incinerator Authorities Law, *supra*, the Legislature declared it to be

"* * * in the public interest and to be the policy of the State to foster and promote by all reasonable means the health and welfare of the citizens thereof by the proper collection and disposal of garbage and other refuse matter."

■ Emphasis is given to the conclusion that the municipal power, which concerns us here, must be viewed with the liberality necessary to make it fully effective by R. S. 40:48–2 which confers on municipalities a broad governmental and police potency to make ordinances and regulations in matters of public health. *Fred v. Mayor and Council, Old Tappan Borough, supra*, 10 N. J., at pages 519, 520.

■ Under all of the circumstances, our view is that R. S. 40:60–2 and 40:66–1 should be considered in association, and thus as a grant of adequate authority to condemn appellants' land. *Cf. Essex County v. Hindenlang*, 35 N. J. Super. 479 (*App. Div.* 1955); *Slingerland v. City of Newark*, 54 N. J. L. 62 (*Sup. Ct.* 1891); 2 *McQuillan, Municipal Corporations*, § 32.20, *p.* 291 (1949).

The judgment is affirmed.